**Lida MGRTICHIAN; et al., Petitioners,**

**v.**

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 04–71099.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 16, 2005.

Areg Kazaryan, Law Office of Areg Kazaryan, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Esq., John C. Cunningham, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM \*\*\*

Lida Mgrtichian,[1] a citizen of Armenia, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and request for protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), grant the petition for review, and remand for further proceedings.

The IJ admitted the majority of Mgrtichian's documentation without objection or challenge to its validity. Accordingly, we must accept this documentary evidence as true. *See Zahedi v. INS*, 222 F.3d 1157,

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The claims of Mgrtichian's husband, Georgi Sarsyan, are derivative of her claim. 8 U.S.C. § 1158(b)(3).

1163 (9th Cir.2000) ("An IJ must follow the same rules regarding documentary evidence as she does concerning testimonial evidence.")  Taken as true, these admitted documents establish the very elements of Mgrtichian's claim called into question by the testimony cited by the IJ to support her adverse credibility determination.  Accordingly, the IJ's adverse credibility determination cannot "withstand appellate review."  *Cf. Chebchoub v. INS*, 257 F.3d 1038, 1044 (9th Cir.2001); *see Zahedi*, 222 F.3d at 1165–66.

We therefore grant the petition and remand this case for further proceedings on the merits of Mgrtichian's asylum, withholding of removal, and CAT claims.  *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**